Hon. Peter J. Hopkins Village Attorney, Chittenango
We acknowledge receipt of your letter inquiring whether you are still the Village Attorney of the Village of Chittenango. The following facts have been presented to us bearing upon this question.
You were appointed Village Attorney on April 3, 1978 by the Village Mayor and the appointment was approved by the Village Board of Trustees, and commencing on that date you were the Village Attorney. On April 2, 1979, the same Mayor, who had been re-elected, again appointed you Village Attorney. You had not resigned from that position and had not been removed by the Mayor, and prior to the Mayor's appointment he had not attempted to appoint anyone else. The Village Board of Trustees refused to approve the Mayor's appointment of you to the position of Village Attorney on April 2, 1979. Following this refusal, a motion was made and carried and it is recited in the minutes of the meeting that you, as Village Attorney, "be terminated with no benefits or salary as of April 1, 1979."
Village Law, § 4-400 (1) (c) makes the appointment of a village attorney a mayor's appointment, subject only to approval by the Board of trustees. However, the village mayor alone has the power to remove the village attorney and such power is not subject either to consent or approval by the board of trustees (1974 Atty Gen [Inf Opns] 204). The position of village attorney is as an employee of the village and in the exempt class of the civil service (1974 Atty Gen [Inf Opns] 204). Employment in that class of the civil service is at the will of the appointing officer or agency, and employment continues until terminated by appointment of a successor or by removal of the employee by the appointing authority or by resignation or from other similar causes (1977 Atty Gen [Inf Opns] 224). The fact that custom or the resolution or order making an appointment specifies a termination date is irrelevant (1974 Atty Gen [Inf Opns] 164, 2d opn).
In our opinion, the Village Board of Trustees does not have the power to remove the Village Attorney, who holds his position through appointment by the Mayor, and, consequently, the resolution of the Board of Trustees that the Village Attorney "be terminated with no benefits or salary as of April 1, 1979," is ineffective to remove the Village Attorney, and the portion of the resolution eliminating benefits or salary cannot be operative because it is an attempt to accomplish indirectly that which the Village Board of Trustees is powerless to do directly.
In our opinion, you are still the Village Attorney and you are entitled to the benefits or salary of that position.